IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JACK SANDERS, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| AUTOZONE, INC., | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, Jack Sanders, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of the Americans with Disabilities Act, as Amended ("ADAAA"), 42 U.S.C. § 12101, *et seq*.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. The claims asserted in this action arose in Cheatham County, Ashland City, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on July 18, 2023, a true and correct copy of which is attached hereto as Exhibit A. Further, Defendant employs more than fifteen employees.

## PARTIES

5. Plaintiff, Jack Sanders (hereinafter "Plaintiff" or "Mr. Sanders") is an adult male individual and citizen of the United States who resides in Ashland City, Tennessee.

6. At all relevant times, Mr. Sanders was an employee of AutoZone, Inc. (hereinafter "Defendant" or "AutoZone"), within the meaning of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*

7. Defendant is a foreign corporation or similar business entity and regularly conducts business at 300 Frey St., Suite 101, Ashland City, Tennessee 37015.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

9. Defendant, AutoZone, hired Mr. Sanders around March 2018.

10. Mr. Sanders worked in various roles for Defendant.

11. Most recently, Mr. Sanders worked as a Sales Manager.

12. Mr. Sanders job duties included providing sales recommendations to customers, operating the cash register, and managing other store personnel.

13. Throughout his employment, Mr. Sanders performed all of his duties successfully and never received any discipline or performance criticisms.

14. Mr. Sanders suffers from osteoarthritis, degenerative disc disease, and has undergone a total hip replacement.

15. In its unmitigated state, Mr. Sanders disability substantially interferes with the major life activities of standing, walking, performing manual tasks, and working.

16. As a result of his medical condition, Mr. Sanders requires periodic breaks from standing.

17. Mr. Sanders requested Defendant allow him to keep a stool at the cash register.

18. Defendant approved this accommodation for Mr. Sanders disability.

19. Around June 15, 2022, Defendant informed Mr. Sanders he was no longer permitted to use a stool for periodic breaks from standing.

20. Mr. Sanders reiterated Defendant had previously approved this as an accommodation for his disabilities.

21. Defendant told Mr. Sanders that he still could not use the stool.

22. Defendant informed Mr. Sanders that they would not be willing to discuss any other accommodation options going forward.

23. On September 20, 2022, Mr. Sanders submitted a Charge of Discrimination to the Equal Employment Opportunity Commission.

24. Mr. Sanders filed a Charge with the EEOC due to ongoing discrimination he had been experiencing related to his disability.

25. Representatives of Defendant told Mr. Sanders he would be fired if he did not drop his EEOC Charge.

26. On or around October 27, 2022, Defendant placed Mr. Sanders on a leave of absence.

27. Defendant did not allow Mr. Sanders to return from this leave.

28. On November 28, 2022, Defendant told Mr. Sanders that unless he could return to work without the need for standing breaks or any accommodation whatsoever, his employment would be terminated effective immediately.

29. Defendant maintains that Mr. Sanders remains on a Leave of Absence.

30. Defendant will not permit Mr. Sanders to return from this leave.

31. Defendant has effectively terminated Mr. Sanders in violation of the Americans with Disabilities Act.

32. Any reason stated by Defendant is pretext.

33. Plaintiff was terminated based on his disability and/or perceived disability.

## COUNT I – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT
### (DISABILITY DISCRIMINATION)

34. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

35. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

36. Plaintiff was disabled in that he had an impairment which substantially limited one or more major life activities and/or major bodily functions.

37. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

38. Defendant was aware of Plaintiff's disability.

39. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112, *et. seq*.

40. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

41. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which he may be entitled.

4

## COUNT II – VIOLATION OF AMERICANS WITH DISABILTIES ACT
### (RETALIATION)

42. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

43. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

44. Plaintiff was disabled in that he had an impairment which substantially limited one or more major life activities and/or major bodily functions.

45. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

46. Defendant was aware of Plaintiff's disability.

47. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112, et. seq.

48. Plaintiff engaged in protected activity by requesting a reasonable accommodation for his disabilities.

49. Plaintiff also engaged in protected activity by filing a charge of discrimination with the EEOC.

50. Defendant retaliated against Plaintiff because he engaged in protected activity under the ADA.

51. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

52. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT III – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT
### (FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS)

53. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

54. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

55. Plaintiff was disabled in that he had an impairment which substantially limited one or more major life activities and/or major bodily functions.

56. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112, et. seq.

57. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

58. Defendant was aware of Plaintiff's disability.

59. Defendant failed to engage in the interactive process with Plaintiff.

60. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

61. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT IV - VIOLATIONS OF AMERICANS WITH DISABILTIES ACT
### (FAILURE TO ACCOMMODATE)

62. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

63. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

64. Plaintiff was disabled in that he had an impairment which substantially limited one

or more major life activities and/or major bodily functions.

65. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112, et. seq.

66. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

67. Defendant was aware of Plaintiff's disability.

68. Defendant failed to provide Plaintiff with reasonable accommodations.

69. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

70. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which he may be entitled.

**WHEREFORE**, Plaintiff respectfully asks the Court:

(1) That a trial by jury be held on all triable issues;
(2) Judgement in favor of Plaintiff and against Defendant on all Counts in this action;
(3) Declaratory judgment that the practices complained of are unlawful and void, and injunctive relief prohibiting the Defendant from again violating the law in the manner described herein;
(4) Back pay, benefits, and other appropriate economic damages;
(5) Front pay;
(6) Compensatory damages for emotional distress, humiliation, and pain and suffering, and/or appropriate compensatory damages to the maximum allowed under the ADAAA.
(8) All reasonable attorney's fees, costs and expenses;
(9) Pre-judgment interest and, if applicable, post-judgment interest;

(10) Tax offset for the increased tax liability of the back pay award; and

(11) Such other legal or equitable relief as may be appropriate or to which he may be entitled.

THE EMPLOYMENT & CONSUMER LAW GROUP

/s/ LAUREN IRWIN
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave, Suite 402

Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com
lauren@eclaw.com

*Attorney for Plaintiff*